UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAS MAMOUN AL ZOUBANI,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; et al.,<br><br>Respondents. | Case No.: 26-cv-378-BJC-KSC<br><br>**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1, 2]** |

Before the Court is Anas Al Zoubani's ("Petitioner") petition for a writ of habeas corpus that was filed on January 22, 2026. ECF No. 1. That same day, Petitioner also filed a motion for a temporary restraining order. ECF No. 2. On February 2, 2026, Respondents filed a return, and on February 4, 2026, Petitioner filed a traverse. ECF No. 8. For the reasons set forth below, the Court **GRANTS** the petition.

## I.  BACKGROUND

On November 30, 2015, Petitioner, a native and citizen of Syria, entered the United States seeking asylum. ECF No. 7-2 at 2. On December 13, 2016, he obtained status as a lawful permanent resident. *Id.* On December 7, 2022, Petitioner entered a plea of guilty to the offense of transportation of illegal aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). *Id.* On March 10, 2023, the court sentenced him to probation for a term of 36 months. Petitioner was not placed in removal proceedings at

that time. *Id.*

On July 1, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear, thereby initiating immigration proceedings against Petitioner. *Id.* That same month, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner outside of his home. ECF No. 1 at 2.[1] On July 22, 2025, the Immigration Judge ordered Petitioner removed to the United Kingdom or Syria in the alternative. ECF No. 7-2 at 2. Both parties waived appeal. *Id.*

Since his detention, ICE learned that Petitioner "ha[s] no ties to the United Kingdom that would authorize removal there." ECF No. 7 at 3. Therefore, ICE has focused its efforts on removing Petitioner to Syria. *See* ECF No. 7-2 at 2. On October 17, 2025, the San Diego Field Office routed a written request for issuance of a travel document for Petitioner to the Syrian Mission to the United Nations in New York. *Id.* As of January 30, 2026, the travel document request is pending action by the Syrian Government. *Id.* Petitioner has continued to remain in detention since his arrest in July 2025. *See generally* ECF No.1 at 2.

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

---

[1] Neither Petitioner nor Respondent specifies the precise date on which Petitioner was taken into custody. *See* ECF No. 1 at 2; ECF No. 7 at 2.

### III. DISUCSSION

#### A. Lawfulness of Petitioner's Continued Detention Under 8 U.S.C. § 1231(a)(2)

Section 1231 governs the arrest and detention of noncitizens subject to a final removal order. *See* 8 U.S.C. § 1231. It directs the Attorney General to effectuate removal "within a period of 90 days," known as the "removal period," during which detention is authorized. § 1231(a)(1)–(2). In *Zadvydas*, the Supreme Court clarified that detention beyond the removal period is presumptively lawful for up to six months; after that, a noncitizen may make a prima facie case for relief by sharing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the burden shifts to "the Government [to] respond with evidence sufficient to rebut that showing." 533 U.S. at 701.

The Court finds that Petitioner has satisfied his burden under *Zadvydas*. Petitioner was ordered removed on July 23, 2025, ECF No. 1 at 2, and the six-month presumptive detention period has expired. Petitioner has presented evidence that there is no significant likelihood of removal in the reasonably foreseeable future. No travel documents have been obtained at this time, and there is no indication when they might be obtained. *See generally* ECF No. 7-2 at 2-3. While Respondent contends that detention remains lawful because of "ICE's diligent efforts to obtain Petitioner's travel document," ECF No. 7 at 5, the Court finds that mere good-faith efforts is insufficient under *Zadvydas*. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1081–82 (9th Cir. 2006) (holding that the government lacked authority to detain an individual indefinitely under § 1231 where removal was not reasonably foreseeable despite ongoing diplomatic efforts). Continued detention must be justified by a significant likelihood of removal within a reasonably foreseeable period, and Respondents have failed to meet that standard.

#### B. Due Process Constraints on ICE's Third-Country Removal Policy

Due process supports Petitioner's request for injunctive relief related to ICE's policy regarding third country removals presented in the memorandum dated July 9, 2025. ECF

1  No. 1 at 24. Several courts within the Ninth Circuit have held the policies provided in the ICE memorandum violate due process. *Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *5 (W.D. Wash. Jan. 9, 2026); *Elshourbagy v. Bondi*, No. 2:25-CV-02432-TL, 2025 WL 3718993, at *8 (W.D. Wash. Dec. 23, 2025); *Escobar v. Chestnut*, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *4 (E.D. Cal. Dec. 19, 2025); *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025); *Vishal v. Chestnut*, __ F.Supp.3d __, 2025 WL 3511815, at *6 (E.D. Cal. Dec. 8, 2025); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *6 (C.D. Cal. Sept. 26, 2025).

This Court agrees. The memorandum suggests removal to a third country may occur without an opportunity to be heard if the United States receives and believes diplomatic assurances that there will be no persecution or torture. According to the Ninth Circuit, "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016). Additionally, when the third country does not provide such assurances, ERO "will not affirmatively ask whether the alien is afraid of being removed to that country." However, "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum. . .and for withholding of deportation to the country to which they will be deported violates" regulations and due process. *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (*citing Kossov v. INS*, 132 F.3d 405, 408–09 (7th Cir.1998)).

### IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.

2. Respondents shall immediately release Petitioner.

3. Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal.

4. Respondents are **ENJOINED** from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

5. Respondents are **ENJOINED** from removing Petitioner to a third country unless they adhere to the following procedures:
    a. provide written notice to Petitioner, in a language he can understand and to his counsel;
    b. provide Petitioner a minimum of ten (10) days to raise a fear-based claim for CAT protection prior to removal;
    c. if Petitioner demonstrates reasonable fear of removal to the country, Respondents must move to reopen Petitioner's removal proceedings;
    d. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days for Petitioner to seek reopening of his immigration proceedings.

6. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge